JOSEPH MARRONE CONTRACTING COMPANY, A CORPORATION, PLAINTIFF AND APPELLANT, v. JOHN F. MONAHAN ET AL., DEFENDANTS AND RESPONDENTS.

Submitted July 6, 1915—Decided November 15, 1915.

1. Where a person, not a party to a suit, has an interest or title which the judgment will affect, the court, on his application, should direct him to be made a party.

2. When a person, not a party to a replevin suit, appears to have an interest which the judgment will affect, and therefore is admitted as a party defendant, it is erroneous for the court, at the same time it admits him as a party, to grant a *non pros.* on his motion upon the ground that the plaintiff had not filed his writ and complaint within time, since the plaintiff was entitled to time to serve his complaint on the defendant so admitted and get his answer.

3. If a defendant desires to take advantage of the failure of the plaintiff to file his complaint within time, he should do so before or at the term next after such failure; and, if he fails to do so, he cannot afterwards have judgment of *non pros.* unless he shall rule the plaintiff to plead.

On appeal from the Essex County Circuit Court.

For the appellant, *Melosh & Morten.*

For the respondent Thomas W. Barlow, receiver, *Teeple & Unger* (*William D. Tyndall,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of *non pros.* in a replevin suit brought by the Joseph Marrone Contracting Company, a corporation, against James A. Rowe, auditor of the city of Newark, and John F. Monahan, sheriff of the county of Essex, to recover possession of a check for $16,284.69, which the sheriff had attached in the hands of the city auditor.

The writ of replevin was sued out June 16th, 1914, and was served the same day, and the check delivered to the plaintiff, a bond having been given by the plaintiff.

Nothing further was done in the replevin suit until March 31st, 1915, when Thomas W. Barlow, receiver of the People's Bank of Philadelphia, through his attorney, served notice on the plaintiff that on April 23d, 1915, he would move for an order of *non pros.* against the plaintiff.

After being served with this notice, the plaintiff, on April 2d, 1915, filed its writ and complaint. The complaint was never served on any of the defendants.

On the hearing of the motion the plaintiff objected that Mr. Barlow, the receiver, had no standing to make such a motion because he was not a party to the suit, and thereupon the court made an order admitting him as a party defendant. This order was made April 26th, 1915. It was made because it was shown that, prior to the institution of the present suit, Mr. Barlow, as such receiver, had sued out a writ of attachment in the sum of $7,600 against *Joseph Marrone* and under that writ had attached the check of $16,284.69 in the possession of Mr. Rowe, the city auditor.

On April 26th, 1915, the same day that the order was made admitting Mr. Barlow, receiver, as a defendant, the court below, on motion of his attorney, ordered a judgment of *non pros.* against the plaintiff because of its failure to file its writ and complaint within time and to notice the case for trial at the April term, 1915, and ordered the return of the check to the defendant Barlow, receiver.

The sole question presented to us is this: In such circumstances was such judgment of *non pros.* permissible under our practice?

We are of the opinion that it was not.

No doubt Mr. Barlow was properly made a party for it appeared that he had an interest or title which the judgment would affect. See the *Practice act* 1912, *Pamph. L., p.* 378, § 8.

But as to him there was no default. After he was admitted as a defendant the plaintiff was entitled to time to serve its complaint upon him and get his answer, which might conceivably force him to confess the plaintiff's claim. Clearly the *non pros.* could not be granted on his motion.

Neither could the *non pros.* be granted to the sheriff nor to the city auditor, the original defendants. If they desired to take advantage of the plaintiff's failure to file its complaint within time, they should have done so before or at the term next after such failure; and not having done so they could not afterwards have judgment of *non pros.* unless they ruled the plaintiff to plead (*Practice act* 1903, *Pamph. L., p.* 566, § 100), and that they did not do.

The judgment of the Circuit Court will be reversed and the record remitted to that court to be proceeded upon according to law.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.  16.